Steven P. Kelly, Esquire
Steven K. Eisenberg, Esquire
STERN & EISENBERG, P.C.
1040 N. Kings Highway, Suite 407
Cherry Hill, New Jersey 08034
609-397-9200 (Telephone)
856-667-1456 (Fax)
skelly@sterneisenberg.com
seisenberg@sterneisenberg.com
Attorney for Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity, but solely as Trustee for the Brougham Fund I Trust

| | |
|---|---|
| In re: | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY |
| Leonardo Soccolich and Mila Papic Soccolich, | |
| | Chapter 7 |
| Debtor(s) | |
| | Honorable John K. Sherwood |
| | |
| | Lead Case No. 21-13928-JKS |
| Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity, but solely as Trustee for the Brougham Fund I Trust, | Adv. Case No. |
| Plaintiff | |
| vs. | |
| Leonardo Soccolich and Mila Papic Soccolich, | |
| Defendants | |

**COMPLAINT OF WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR THE BROUGH FUND I TRUST OBJECTION TO THE DISCHARGE OF DEBTORS LEONARDO SOCCOLICH AND MILA PAPIC SOCCOLICH**

Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity, but solely as Trustee for the Brougham Fund I Trust, by and through its undersigned

counsel, Stern & Eisenberg, P.C., as and for its complaint objecting to the granting of a discharge to Debtors Leonardo Soccolich and Mila Papic Soccolich respectfully alleges as follows:

## PARTIES

1. Plaintiff is Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity, but solely as Trustee for the Brougham Fund I Trust (hereinafter referred to as the "Plaintiff") is a creditor in the underlying main bankruptcy case and maintains a principal place of business at P.O. Box 447, Odessa, Florida 33556.

2. Defendants Leonardo Soccolich and Mila Papic Soccolich (hereinafter referred to as the "Defendants" or "Debtors") are individuals with a last known address of 539 River Road, Teaneck, New Jersey 07666.

## JURISDICTION AND VENUE

3. This Honorable Court possesses jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b), as this actions arises under, in, or is related to a case filed by the Defendants under Title 11 of the United States Code (hereinafter referred to as the "Bankruptcy Code").

4. This Honorable Court further possesses jurisdiction according to the terms of the "District Court General Order of Reference" of the United States District Court for the District of New Jersey dated July 23, 1984, as it arises under the Debtors' Chapter 7 Bankruptcy Case pending before this Honorable Court.

5. Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1409(a).

6. This Adversary Proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (E).

7. This Adversary Proceeding is brought pursuant to 11 U.S.C. § 727(a) of the Bankruptcy Code.

## BACKGROUND AND STATEMENT OF FACTS

I. **PRE-BANRKRUPTCY FACTS**

8. On or about March 31, 2006, Defendants executed a Promissory Note and Mortgage for a piece of Real Property located in Manatee County, Florida (hereinafter referred to as the "Florida Property") in the amount of $537,600.00.

9. Defendants subsequently defaulted on the Note and Mortgage by failing to make payments towards the Note and Mortgage held by the Plaintiff and/or its predecessor-in-interest

10. Plaintiff caused to be filed a Foreclosure Action against the Florida Property and Debtors (hereinafter referred to as the "State Court Action") in the Circuit Court of the Twelfth Judicial Circuit of the State of Florida, in and for Manatee County, Civil Division, which was assigned Case Number 41-2014-CA-003569-XXXX-AX.

11. The State Court Action resulted in a Final Judgment in Foreclosure, in favor of the Plaintiff on October 28, 2017, in the amount of $891,051.12.

12. Subsequently, the Plaintiff sought a deficiency action against the Defendants, which was granted on or about March 1, 2019, in the State Court Action, and gave rise to a Deficiency Judgment (hereinafter referred to as the "Judgment") in favor of the Plaintiff.

13. Plaintiff thereby domesticated the Judgment with the Bergen County Vicinage of the Superior Court of New Jersey on September 1, 2020.

14. The reason for the domestication of the Judgment was due to Defendants' primary residence being located at 539 River Road, Teaneck, New Jersey (hereinafter referred to as the "Teaneck Property").

15. After performing an asset search on the Defendants, Plaintiff caused to be commenced the levying of Defendants' assets to satisfy the Judgment.

16. As a result of the Plaintiff's asset search, they discovered that the Defendants owned the following automobiles:

   a. 2010 Volkswagen GTI;

   b. 1987 Alfa Romero Milano Gold;

   c. 1986 Ferrari 328 GTB;

   d. 1981 Porsche 911 SC;

   e. 1984 Alfa Romeo GTV6; and

   f. Unknown Year and Model, BMW.

17. As part of their attempt to levy against the Defendants, Plaintiff caused to be levied two (2) automobiles on or about May 12, 2021, which were secured by the Plaintiff prior to the filing of the present bankruptcy case.

18. Additionally, Plaintiff's asset search returned a started to bank accounts held by Ally Bank in favor of the Defendants, but such levy was terminated upon the filing of the present bankruptcy case.

19. Upon information and belief, Defendants transferred to Ally Bank the following monies prior to the filing of the present bankruptcy case:

   a. $31,144.10 – made payable to Leonardo Soccolich – deposited into Ally Bank on or about January 26, 2021;

   b. $344,897.88 – made payable to Mila Soccolich – deposited into Ally Bank on or about February 9, 2021; and

   c. $342,039.93 – made payable to Mila Soccolich – deposited into Ally Bank on or about February 9, 2021.

II.     **POST-BANKRUTPCY FACTS AND PROCEDURAL HISTORY**

20.  Defendants filed a voluntary petition under Chapter 7 of the Bankruptcy Code on May 12, 2021 (hereinafter referred to as the "Petition Date").

21. Defendants' voluntary petition was unsigned by either Defendant.

22. Defendants' voluntary petition indicated that neither Defendant owned wholly nor owned partially a business.

23. Defendants' bankruptcy filing did not include the requisite pre-filing Credit Counselling Certificates.

24. Defendants' voluntary petition indicated that the Defendants had, in fact, received pre-filing Credit Counseling.

25. Defendants failed to file the requisite Schedule, Statement of Financial Affairs and related documents on May 12, 2021.

26. Defendants retained counsel on or about June 16, 2021.

27. On June 22, 2021, Defendants cause to be filed their Missing Schedules, Statement of Financial Affairs, and related documents with this Court.

28. Defendants' Schedule A lists the Teaneck Property with a value of $400,000.00

29. Defendants' Schedule B lists a 2010 Volkswagen GTI, 1987 Alfa Romeo Milano, 1981 Porsche 911SC, 1986 Ferrari 322 GTB, and 1984 BMW M635CSI as the only automobiles owned by the Defendants.

30. Defendants' Schedule B lists a bank account with Bergen Federal Credit Union as the only bank account owned by the Defendants.

31. Defendants' Schedule B lists two (2) accounts with Ally Bank in the amount of $650,000.00 and $450,000.00, respectively.

32. Defendants signed a Declaration About an Individual Debtor's Schedules indicated that the information contained within the Schedules were true and correct under penalty of perjury.

33. Defendants' Statement of Financial Affairs indicate a "No" on the following question "[w]ithin 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit closed, sold, moved or transferred? Include checking, savings, money market, or other financial accounts; certificates of deposit, shares in banks, credit unions, brokerage house, pension funds, cooperatives, associations, and other financial institutions."

34. Defendants signed the Statement of Financial Affairs, and in doing so, averred to the following statement "I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000 or imprisonment for up to 20 years, or both."

35. Defendants attended their Meeting of Creditors with the Chapter 7 Trustee on July 11, 2019.

36. During the Meeting of the Creditors, Defendants, under oath, indicated that they had signed their voluntary petition and related Schedules and Statements.

37. During the Meeting of the Creditors, Defendants, under oath, indicated that they did in fact own interest in a business despite claiming no interest on their voluntary petition.

38. During the Meeting of the Creditors, the Chapter 7 Trustee inquired of the Defendants regarding their financial affairs and their assets and liabilities.

39. During the Meeting of the Creditors, the Chapter 7 Trustee asked the Defendants about a bank account listed on their tax return that is held in Croatia.

40. The Defendants admitted, under oath, to the existence of the Croatian Bank Account and indicated that it is titled in both of their names.

41. Defendants indicated that the Croatian Bank Account contained approximately $150,000.00 in United States currency.

42. During the Meeting of the Creditors, Defendants admitted that the Croatian Bank Account was not included in their Schedules.

43. After the conclusion of the Meeting of the Creditors, Defendants have failed to amend their schedules to reflect any missing assets of the Bankruptcy Estate.

### COUNT I – THE DEFENDANTS, WITH INTENT TO HINDER, DELAY OR DEFRAUD, CONCEALED PROPERTY AND MADE PRE AND/OR POST PETITION TRANSFERS OF PROPERTY

44. Plaintiff repeats and alleges the averments of the preceding paragraphs numbered one (1) to forty-three (43) as if more fully set forth herein.

45. Defendants have concealed property in interests in property.

46. The interests in the Croatian Bank Account and 1984 Alfa Romeo GTV6 constitute assets of the Defendants owned during the one (1) year period before the Petition Date, or assets of the Bankruptcy Estate pursuant to 11 U.S.C. § 541.

47. Section 727(a)(2)(A) and (B) of the Bankruptcy Code provides that the court shall grant a debtor a discharge unless

> the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated or concealed, or permitted to be transferred, removed, destroyed, mutilated or concealed –
>
> > (A) property of the debtor within one year before the date of the filing of the petition, or
> >
> > (B) property of the estate, after the date of the filing of the petition.

48. Based on the Defendants' failure to disclose the existence of the Croatian Bank Account and 1984 Alfa Romeo GTV6, as well as the Defendants' failure to disclose the transfer of the monies into Ally Bank, Defendants' discharge should be denied.

**WHEREFORE**, Plaintiff Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, no in its individual capacity, but solely as Brougham Fund I Trust respectfully requests judgment in its favor denying the Defendants Leonardo Soccolich and Mila Papic Soccolich's discharge under 11 U.S.C. § 727(a)(2).

### COUNT II – THE DEFENDANTS KNOWINGLY AND FRAUDULENTLY, IN OR IN CONNECTION WITH THIS CASE, MADE A FALSE OATH OR ACCOUNT

49. Plaintiff repeats and alleges the averments of the preceding paragraphs numbered one (1) to forty-eight (48) as if more fully set forth herein.

50. Section 727(a)(4)(A) of the Bankruptcy Code provides that the court shall grant a debtor a discharge unless the debtor knowingly and fraudulently, in or in connection with this case made a false oath or account.

51. Defendants failed to disclose assets on their Schedules including, but not limited to the Croatian Bank Account and/or 1984 Alfa Romeo GTV6.

52. Defendants failed to disclose, on their Statement of Financial Affairs, the transfer of monies into Ally Bank in the months prior to the Petition Date.

53. Defendants submitted their Schedules and Statement of Financial Affairs under oath that the information contained therein were true and correct.

54. Defendants' failure to properly disclose information surrounding their assets and financial affairs, under oath, requires the denial of a discharge for the Defendants.

55. Defendants knowingly and fraudulently made a false statement during the Meeting of the Creditors that they signed their voluntary petition.

56. Defendant knowingly and fraudulently made a false oath on their voluntary petition that they did not own any interest in a business.

**WHEREFORE,** Plaintiff Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, no in its individual capacity, but solely as Brougham Fund I Trust respectfully requests judgment in its favor denying the Defendants Leonardo Soccolich and Mila Papic Soccolich's discharge under 11 U.S.C. § 727(a)(4).

## REQUEST FOR RELIEF

57. Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity, but solely as Trustee for the Brough Fund I Trust, respectfully requests that this Honorable Court enter judgment in its favor:

   a. Denying Defendants Leonardo Soccolich and Mila Papic Soccolich's discharge under 11 U.S.C. § 727(a)(2);

   b. Denying Defendants Leonardo Soccolich and Mila Papic Soccolich's discharge under 11 U.S.C. § 727(a)(4);

   c. Awarding attorney's fees and costs associated with bringing this Adversary Proceeding; and

   d. Any and all other relief as this Honorable Court deems just and proper.

Respectfully submitted,

**STERN & EISENBERG, P.C.**

**/s/ Steven P. Kelly**
Steven P. Kelly, Esquire
Stern & Eisenberg, P.C.
1040 N. Kings Highway, Suite 407
Cherry Hill, New Jersey 08034
609-397-9200 (Telephone)
856-667-1456 (Fax)

Dated:  August 6, 2021